74

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 00-40797

U.S. COURT OF APPEALS
FILED
NOV 14 2001
CHARLES R. FULBRUGE III
CLERK

United States District Court
Southern District of Texas
FILED
DEC 10 2001
Michael N. Milby
Clerk of Court

Chance Ladayde CROUCH,

         Plaintiff-Appellee,

v.

Kim SANCHEZ; ET AL.,

         Defendants,

Kim SANCHEZ,

         Defendant-Appellant.

Appeal from the United States District Court
For the Southern District of Texas
(B-98-CV-170)

Before DAVIS, GARWOOD, and MAGILL*, Circuit Judges.

PER CURIAM:**

  Chance Ladayde Crouch sued the Town of South Padre Island, Texas ("the Town"), and Kim Sanchez, a former police officer

---

*Circuit Judge for the Eighth Circuit, sitting by designation.

**Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

employed by the Town, in her individual and official capacity. Crouch asserted claims under 42 U.S.C. § 1983, for violations of his rights under the Fourth and Fourteenth Amendments, and also various state law claims. Sanchez, in her individual capacity, filed a motion for summary judgment based on qualified immunity. The district court granted the motion in part, dismissing the claims against Sanchez under state law, but denied the motion as to Crouch's § 1983 claims. Sanchez now brings this interlocutory appeal challenging the district court's denial of her motion for summary judgment based on qualified immunity with respect to the § 1983 claims. Because we conclude that Sanchez was entitled to qualified immunity in this case, we reverse the judgment of the district court and render judgment for Sanchez.

I.

This lawsuit arises from Sanchez's arrest of Crouch for driving while intoxicated ("D.W.I") on November 13, 1996. The summary judgment evidence establishes the following facts. On November 13, 1996, Sanchez received a telephone call from Crouch's wife, Cynthia Crouch. Ms. Crouch informed Sanchez that her husband had been out drinking all night, was intoxicated, and was driving his automobile. Ms. Crouch stated that she was afraid her husband would get into an accident and hurt someone. After speaking with Ms. Crouch, Sanchez observed Crouch's vehicle

parked at Padre Island Pizza, Crouch's place of business, which is located across the street from the police department. At about ten o'clock in the morning, Sanchez was advised that Crouch's vehicle had left Padre Pizza and was traveling northbound on Padre Boulevard. Sanchez advised other officers and then proceeded in her unmarked patrol unit in pursuit of Crouch. Sanchez observed Crouch driving erratically; specifically, Crouch pulled out in front of her, requiring her to brake suddenly. Crouch then reversed direction and headed south. The vehicle then made an abrupt left turn, without signaling, and entered the Padre Island Pizza parking lot. Crouch exited the vehicle and quickly walked inside. Sanchez followed Crouch and entered the establishment through the restaurant's front door, which was unlocked.

    Once inside the pizza parlor, Sanchez observed Crouch using the telephone. Crouch presented the affidavit of J.J. Avila, Crouch's friend, with whom Crouch was speaking on the telephone when Sanchez entered the restaurant. Avila states that he heard a voice in the background state, "You are under arrest for driving with a suspended license." Avila states he then heard Crouch reply, "My driver's license isn't suspended!" According to Avila, the voice then stated, "Well, you are under arrest for D.W.I.. Please step outside." Sanchez denies that she made any

statement concerning a suspended license.

The rest of the events are undisputed. Sanchez then asked Crouch to come out from behind the counter, explaining that she had received a report that Crouch had been drinking. Crouch stated, "My wife called you, didn't she?" Sanchez observed Crouch to have glassy eyes, dilated pupils, and she smelled alcohol on his breath. Two other officers, Harris and Alvarado, arrived on the scene. Crouch became argumentative and refused to participate in field sobriety tests. Sanchez then advised Crouch that he was under arrest for DWI. Crouch raised the phone as if to strike Sanchez, but the other officers moved in, handcuffed Crouch, and took him to the police department. There, Crouch refused to take the intoxilizer test, but was administered and failed the horizontal gaze nystagmus test. The district attorney declined to prosecute Crouch on the D.W.I. charge.

II.

Crouch filed this action against the Town and Sanchez, in her official and individual capacity, under 42 U.S.C. § 1983, alleging violations of the Fourth and Fourteenth Amendment, and also under Texas law. Sanchez then moved for summary judgment based on qualified immunity. In opposition to Sanchez's motion, Crouch presented affidavits of Crouch, his former wife Cynthia Crouch, and Avila, as well as part of the transcript from

Crouch's trial for resisting arrest. The district court refused to consider the affidavits of Crouch and his former wife, on the grounds that the affidavits did not state that they were based on personal knowledge, and thus, were not competent summary judgment evidence. Crouch does not assert that the district court erred in disqualifying this evidence. The district court nevertheless denied Sanchez's motion for summary judgment with respect to Crouch's § 1983 claims. Sanchez now appeals this ruling.

III.

Before reaching the merits of this case, we first must consider whether this court has jurisdiction over this appeal. Federal courts have jurisdiction of "appeals from all final decisions of the district courts."[1] "[A] district court's denial of a claim of qualified immunity, to the extent that it turns on an issue of law, is an appealable 'final decision' within the meaning of 28 U.S.C. § 1291 notwithstanding the absence of a final judgment."[2]

This court reviews de novo the denial of a motion for summary judgment predicated on qualified immunity.[3] Summary

---

[1] 28 U.S.C. § 1291.

[2] Mitchell v. Forsyth, 472 U.S. 511, 530 (1985).

[3] See Hayter v. City of Mount Vernon, 154 F.3d 269, 274 (5th Cir. 1998).

judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[4] We review the "evidence and inferences to be drawn therefrom in the light most favorable to the non-moving party."[5]

The doctrine of qualified immunity protects government officials performing discretionary functions from civil liability if their conduct violates no "clearly established statutory or constitutional rights of which a reasonable person would have known."[6] A determination of whether a police officer is entitled to qualified immunity from liability under § 1983 involves a two-step analysis. First, the court must determine whether the plaintiff has alleged a violation of a clearly established constitutional right.[7] A constitutional right is "clearly established" for qualified immunity purposes if "[t]he contours of the right [are] sufficiently clear that a reasonable official

---

[4] Fed. R. Civ. P. 56(c).

[5] Gibson v. Rich, 44 F.3d 274, 276 (5th Cir. 1995), quoting Fraire v. Arlington, 957 F.2d 1268, 1273 (5th Cir. 1992).

[6] Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).

[7] See Hayter, 154 F.3d at 274.

would understand that what he is doing violates that right."[8] Second, even if the first prong is satisfied, the official is nonetheless entitled to qualified immunity if her conduct was objectively reasonable.[9]

Crouch alleges two related constitutional violations in his § 1983 action: (1) Sanchez's entry into Crouch's place of business to effect his arrest violated Crouch's Fourth Amendment rights; and (2) Sanchez lacked probable cause to arrest Crouch at all, and therefore, violated his Fourth Amendment rights. We address each of these arguments in turn in light of the summary judgment and qualified immunity standards set forth above.

### A.

Crouch first argues that Sanchez violated his Fourth Amendment rights when she entered Crouch's place of business and arrested him. The Fourth Amendment prohibits police officers from entering a person's home to conduct a search or an arrest without a warrant, absent exigent circumstances.[10] Warrantless arrests based on probable cause are lawful when conducted in a public place, however.[11]

---

[8] Anderson v. Creighton, 483 U.S. 635, 640 (1987).

[9] See Hayter, 154 F.3d at 274.

[10] See Payton v. New York, 445 U.S. 573, 590 (1980).

[11] See United States v. Watson, 423 U.S. 411, 423-24 (1976).

In this case, Sanchez followed Crouch into Padre Island Pizza, Crouch's place of business, to arrest Crouch at about ten o'clock on a Wednesday morning. The doors of the pizza parlor were unlocked. Sanchez saw Crouch enter the pizza parlor after Crouch parked his car in its parking lot. Sanchez then approached the front door, opened it, and entered the restaurant, where Crouch was behind the front counter using the telephone. The summary judgment evidence does not suggest that the pizza parlor was closed to the public at the time of Crouch's arrest. Based on the summary judgment evidence in this case, therefore, the restaurant is a public place for Fourth Amendment purposes. The Fourth Amendment did not require "exigent circumstances" for Sanchez to enter the restaurant and make the arrest without a warrant. Therefore, as a matter of law, Crouch has not asserted the violation of a clearly established right with respect to entry into the pizza parlor. Thus, we conclude that Sanchez is entitled to summary judgment on the basis of qualified immunity on this issue.

B.

Crouch next argues that Sanchez violated his Fourth Amendment rights because Sanchez did not have probable cause to arrest him for D.W.I.. The Fourth Amendment requires that

warrantless arrests be made with probable cause.[12]  Probable cause is a single, flexible, fact-based standard.[13]  It is analyzed in terms of what a reasonable officer would conclude from the information in her possession.[14]  The probable cause analysis considers why the officer believed the individual committed the offense and whether, on the information available, a reasonable person would come to the same objective conclusion.[15]

Where an individual asserts a claim for wrongful arrest, qualified immunity will shield the defendant officer from suit if "'a reasonable officer could have believed [the arrest at issue] to be lawful, in light of clearly established law and the information the [arresting] officers possessed.'  Even law enforcement officers who 'reasonably but mistakenly conclude that probable cause is present' are entitled to immunity."[16]

The summary judgment evidence considered by the trial court in this case establishes that Sanchez received a phone call from

---

[12]   See Hinshaw v. Doffer, 785 F.2d 1260, 1266 (5th Cir. 1986).

[13]   See Draper v. United States, 358 U.S. 307, 313 (1959).

[14]   See id.

[15]   See Henry v. United States, 361 U.S. 98, 102 (1959).

[16]   See Hunter v. Bryant, 502 U.S. 224, 227 (1991) (quoting Anderson, 483 U.S. at 641).

Crouch's wife, Cynthia, who informed Sanchez that her husband was intoxicated and was driving his automobile. Sanchez observed Crouch driving erratically on South Padre Boulevard. Once inside the restaurant, Sanchez observed Crouch to have glassy eyes, dilated pupils and smelled alcohol on Crouch's breath. Crouch was argumentative and hostile. Sanchez then informed Crouch he was under arrest for D.W.I.. No evidence accepted by the district court as appropriate summary judgment evidence contradicts these facts. This court has found probable cause under closely analogous facts.[17] We conclude that this uncontroverted evidence establishes, as a matter of law, that Sanchez was objectively reasonable in believing she had probable cause to arrest Crouch. Therefore, Sanchez is entitled to summary judgment based on qualified immunity on this issue as well.[18]

---

[17] See, for example, Gibson, 44 F.3d 274 (reversing trial court's denial of qualified immunity to police officer in a § 1983 wrongful arrest claim on basis of summary judgment evidence similar to this case).

[18] Based on the transcript of the April 20, 2000, summary judgment hearing, the district court apparently found that the affidavit of Avila, Crouch's friend, presented a genuine issue as to probable cause for the arrest. Indeed, the Avila affidavit contains the only factual dispute in all the summary judgment evidence considered by the district court. In his affidavit, Avila claims that he overheard a voice, presumably Sanchez's, stating that Crouch was under arrest for driving with a suspended license. When Crouch replied that his license was not suspended, Avila states that the voice replied, "Well, you are under arrest for

## IV.

For the reasons stated above, we REVERSE the judgment of the district court and RENDER summary judgment for Sanchez, in her individual capacity, on the basis of qualified immunity.

REVERSED AND RENDERED.

---

D.W.I.. Please step outside." This exchange, even if true, is immaterial to the issue of whether Sanchez had probable cause to arrest Crouch for D.W.I..

-11-